UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENNIS O'BRIEN and wife, KAYE O'BRIEN, </br></br> Plaintiffs, </br></br> v. </br></br> NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER ("NECC"); MEDICAL SALES MANAGEMENT, INC.; AMERIDOSE, LLC; GREGORY CONIGLIARO, individually and d/b/a the above named business organizations; BARRY CADDEN, individually and d/b/a the above named business organizations; LISA CONIGLIARO CADDEN, individually and d/b/a the above named business organizations; CARLA CONIGLIARO, individually and d/b/a the above named business organizations; DOUGLAS CONIGLIARO, individually and d/b/a the above named business organizations, </br></br> Defendants. | CIVIL ACTION NO: 2:12cv0117 |

### DEFENDANTS' MOTION TO STAY PENDING TRANSFER

Defendants Gregory Conigliaro, Barry Cadden, Lisa Conigliaro Cadden, Carla Conigliaro, and Douglas Conigliaro ("Defendants") move the Court to stay all proceedings in this action and to vacate all current dates and deadlines pending transfer to the United States District Court, District of Massachusetts pursuant to the February 12, 2013 Order from the Judicial Panel on Multidistrict Litigation ("JPMDL"). In support of this Motion, Defendants state as follows:

1. On October 16, 2012, Plaintiffs in Eastern Michigan moved for centralization of litigation pursuant to 28 U.S.C. § 1407. The initial motion involved four actions pending in two districts and was titled *In Re: New England Compounding Pharmacy*, MDL No. 2419, Motion for Transfer and Consolidation of Related Actions. Since the filing of the initial motion, the parties have notified the Panel of over 120 related actions pending in various federal districts.

2. On December 20, 2012, a Notice of Related Actions was filed with the JPMDL identifying this action as a tag-along action to MDL No. 2419. *See* 12/20/2012 Notice attached as **Ex. A**.

3. On February 12, 2013, the Panel issued an Order transferring these cases to the District of Massachusetts. *See* 2/12/2013 Order attached as **Ex. B**.

4. On February 15, 2013, a Status Conference was held before Judge F. Dennis Saylor, IV, at which time the Court extended the time in which a Defendant must answer or otherwise respond to the Complaint to a date to be set by future order in the District of Massachusetts and continued the temporary stay of discovery pending further order. *See* 2/15/2013 Electronic Clerk's Notes for Proceeding attached as **Ex. C**. Thereafter, the Court issued MDL Order No. 1. *See* **Ex. D.**

5. Defendants respectfully ask this Court to stay all proceedings in this action pending transfer of this action to the District of Massachusetts.

6. A federal district court's power to stay an action "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N.A. Co.*, 299 U.S. 248, 254 (1936). This Court has discretion to stay proceedings pending a transfer decision by the JPMDL. *See Carden Simcox v. BP, PLC,* No. 3:10-514 (M.D. Tenn. June 8, 2010) (granting defendant's

motion to stay proceedings where it was merely likely that the MDL panel would choose to consolidate the action); *Jones v. Lewis,* 2006 WL 1006881, at *1 (W.D. Tenn. Apr. 17, 2006). ("A stay is appropriate in this case, as the MDL Panel has already determined that coordination under §1407 is appropriate.").

7. In granting motions to stay actions pending transfer to MDL proceedings, Sixth Circuit courts have noted that MDL proceedings promote judicial economy and conserve judicial resources, whereas in the absence of a stay, parties and courts may be subject to duplicative motions and discovery. *See L.D. Ellis v. Merck & Co.*, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006).

8. Here, too, these factors support a stay: Defendants face the risk of inconsistent pre-trial rulings and a burdensome uncoordinated discovery process if not stayed, while there is little prejudice to the non-moving party if the action is stayed while being transferred. Furthermore, staying this action pending transfer to the MDL will advance the purposes of the MDL "to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of Am.,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1988); *see also* 28 U.S.C. § 1407; *In re Meridia Prods. Liab. Litig.,* 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002).

9. Without a stay, this case will require this Court to address litigation that will shortly be in front of Judge Saylor in the District of Massachusetts, and therefore subject to Judge Saylor's order regarding responses to complaints and discovery. Moreover, proceeding with this litigation now will only create the potential for inconsistent rulings between this Court and the MDL court. The best way to preserve the resources of the parties and the Court, and to ensure efficiency, is to stay this case until it is transferred to the District of Massachusetts.

N CWM1 948071 v1
2924962-000013 02/18/2013

WHEREFORE, Defendants respectfully request that this Court stay all proceedings in this action and vacate all pending dates and deadlines, pending transfer to the District of Massachusetts.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC


By: *s/ Brigid M. Carpenter*
Brigid M. Carpenter (BPR #18134)
Carrie W. McCutcheon (BPR #24805)
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
(615) 726-7341
(615) 744-7341 (facsimile)
bcarpenter@bakerdonelson.com
cmccutcheon@bakerdonelson.com

Emily T. Landry (BPR #22157)
Quinn N. Carlson (BPR #25603)
First Tennessee Building, 20th Floor
165 Madison Avenue
Memphis, TN 38103
(901) 526-2000
(901) 577-2303 (facsimile)
elandry@bakerdonelson.com
qcarlson@bakerdonelson.com


*Attorneys for Defendants Barry J. Cadden, Gregory A. Conigliaro, Douglas A. Conigliaro, Lisa Conigliaro Cadden, and Carla Conigliaro*

Date: February 18, 2013.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>Mike Walker, Esq.
>5511 Edmondson Pike, Suite 203
>Nashville, TN  37211
>
>*Attorney for Plaintiffs*
>
>James A. Beakes, Esq.
>Butler, Snow, O'Mara, Stevens & Cannada, PLLC
>1200 One Nashville Place
>150 Fourth Avenue, North
>Nashville, TN 37219-3422
>
>*Attorney for Ameridose, LLC*

this 18th day of February, 2013.

>>*s/ Brigid M. Carpenter*
>>Brigid M. Carpenter