# EXHIBIT B

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PROOUCTS LIABILITY LITIGATION**                           MDL No. 2419

## TRANSFER ORDER

   **Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in an Eastern District of Michigan action move for centralization of this litigation in the District of Minnesota.  This litigation currently consists of four actions pending in two districts, as listed on Schedule A.  Since the filing of the motion, the parties have notified the Panel of over 120 related actions pending in various federal districts.[1]

   All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district.  Plaintiffs in the four actions on the motion and over 30 potential tag-along actions support centralization in the District of Minnesota.  Defendant New England Compounding Pharmacy, the responding co-defendants in over 40 potential tag-along actions,[2] plaintiffs in five potential tag-along actions, and an interested party from the related bankruptcy case[3] request the District of Massachusetts.[4]

   On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions share factual questions relating to injuries arising from the alleged contamination of the injectable steroid methyl-prednisolone acetate at the New England Compounding Pharmacy facility in Framingham, Massachusetts, which allegedly resulted in a multistate outbreak of hundreds of cases of fungal meningitis and other infections.  Centralization will

---

   [1]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.  Some of the parties have presented arguments concerning the potential tag-along actions in the current briefing.  The parties, however, will have an opportunity to express their views on transfer of potential tag-along actions to MDL No. 2419, as provided for under Panel Rule 7.1.

   [2]  The responding co-defendants are Ameridose LLC, Medical Sales Management, Inc., Barry Cadden, Gregory Conigliaro, Lisa Conigliaro Cadden, Douglas Conigliaro, Carla Conigliaro, and Glenn Chin.

   [3]  The interested party is the Official Committee of Unsecured Creditors.

   [4]  In the alternative, defendant proposes the Eastern District of Michigan.

-2-

eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and discovery issues; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of Massachusetts is an appropriate transferee district. The principal events giving rise to the alleged claims occurred in Massachusetts, the facility at which the contamination allegedly occurred is located there, and the federal and state investigations into New England Compounding Pharmacy are focused there. Thus, the primary witnesses, physical evidence, and documentary evidence likely will be located in Massachusetts. Additionally, defendant is headquartered in Massachusetts, and defendant's bankruptcy case is pending in this district. The Honorable F. Dennis Saylor IV, to whom we assign this litigation, is an experienced transferee judge who is already familiar with the contours of, and has taken preliminary steps to organize, the litigation. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable F. Dennis Saylor IV for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that defendant's request to modify the caption of MDL No. 2419 is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE:  NEW ENGLAND COMPOUNDING PHARMACY, INC.,**
**PRODUCTS LIABILITY LITIGATION**                              MDL No. 2419

## SCHEDULE A

### Eastern District of Michigan

Brenda Bansale, et al. v. New England Compounding Pharmacy, Inc., C.A. No. 2:12-14559
Lyn Laperriere, et al. v. New England Compounding Pharmacy, Inc., C.A. No. 2:12-14581

### District of Minnesota

Barbe Puro v. New England Compounding Pharmacy, Inc., C.A. No. 0:12-02605
Rosalinda Edwards v. New England Compounding Pharmacy, Inc., C.A. No. 0:12-02625