

WALTER L. GOOD, Plaintiff, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; BARBARA MAGID; and DOES 1 through 50, Defendants.

No. C 98-0894 CW (MDL 1061)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

5 F. Supp. 2d 804; 1998 U.S. Dist. LEXIS 13758

April 16, 1998, Decided
April 16, 1998, Filed

**DISPOSITION:** [**1] Plaintiff's motion to remand (Docket No. 18) denied. Plaintiff's request for attorneys' fees incurred as a result of removal denied. Defendants' motion to stay (Docket No. 6) granted. Case stayed pending decision by the MDL Panel.

**COUNSEL:** For WALTER L. GOOD, Plaintiff: Alexander B. Trueblood, Chavez & Gertler LLP, San Francisco, CA.

For THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, defendant: Gregory L. Smith, Sonnenschein Nath & Rosenthal, San Francisco, CA.

For BARBARA MAGIC, defendant: Robert D. Phillips, Jr., Fleming & Phillips, Walnut Creek, CA.

**JUDGES:** CLAUDIA WILKEN, United States District Judge.

**OPINION BY:** CLAUDIA WILKEN

**OPINION**

[*805] ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO STAY

Plaintiff Walter L. Good moves to remand this case to State Court and seeks attorneys' fees incurred as a result of the removal. Defendant Prudential Insurance Company of America ("Prudential") opposes. Prudential moves separately to stay all proceedings in this case pending a final decision by the Judicial Panel on Multi-district Litigation ("the MDL Panel") whether to transfer this case. Mr. Good opposes. The matter was decided on the papers. Having considered all of the papers [**2] filed by the parties, the Court denies the motion to remand and grants the motion to stay.

[*806] BACKGROUND

On January 21, 1998, Mr. Good filed a complaint in the Marin County Superior Court against Prudential and Defendant Barbara Magid, a Prudential insurance agent. Mr. Good alleges that in February, 1994, he met with Ms. Magid and Dianne Garcia, a Prudential insurance agent not named in the complaint, to discuss the possibility of purchasing an additional insurance policy with Prudential.[1] According to Mr. Good, Ms. Magid made numerous representations concerning the benefits of a variable appreciable life insurance policy ("VAL"). Mr. Good alleges that Ms. Magid told him that Mr. Good could obtain a $ 1,000,000 VAL by paying an annual premium of $ 10,000 for three to six years, after which time the premiums would "vanish." Complaint at P 11. According to Mr. Good, he bought a $ 1,000,000 VAL based on this representation.

   1  Mr. Good alleges that, at the time, he already owned a Prudential term life insurance policy.

[**3] Mr. Good alleges that Prudential never intended to allow his premiums to vanish after three to six years. He alleges further that Prudential's misrepresentations to the contrary were part of a nationwide pattern of deceptive conduct by Prudential. Complaint at P 12. Mr. Good asserts claims for fraud, negligent misrepresentation, unfair competition, and money had and received

Page 2

5 F. Supp. 2d 804, *; 1998 U.S. Dist. LEXIS 13758, **

against Prudential and Ms. Magid. He also asserts a claim for recision against Prudential.

On March 6, 1998, Prudential removed the case to this Court, asserting diversity jurisdiction. Prudential argued in the notice of removal that diversity jurisdiction exists even though Ms. Magid and Mr. Good are both citizens of California because Ms. Magid is a sham Defendant. On March 10, 1998, four days after removing the case, Prudential filed a notice of related action in *In re the Prudential Insurance Company of America Sales Practices Litigation*, MDL Docket No. 1061, a matter pending in the New Jersey District Court.

Mr. Good moves to remand this case to Superior Court, asserting that Ms. Magid was properly joined as a Defendant because she is personally liable for her misrepresentations to Mr. Good. Prudential [**4] responds that the undisputed evidence in the case indicates that Ms. Magid was not involved in this sale of the VAL, and that, even if she were, she is not a proper Defendant because she acted at all times as Prudential's agent in the course and scope of her agency.

Prudential also moves to stay the proceedings in this case pending final decision by the MDL panel, which, on March 26, 1998, issued a conditional order of transfer of this case. Prudential argues that a temporary stay is appropriate to achieve the judicial economies that underlie *28 U.S.C. § 1407*. Mr. Good responds that such a stay will prejudice him.

DISCUSSION

I. Legal Standards

A. Motion to Remand

Title *28 U.S.C. § 1447* provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from State court, the case must be remanded. *28 U.S.C. § 1447(c)*. The Ninth Circuit has held that courts should resolve doubts as to removability in favor of remanding the case to State court. *Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)*.

B. Motion to Stay

The power to stay proceedings is within the Court's discretion. The Supreme [**5] Court has described the power to stay proceedings as "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." *Landis v. North American Co., 299 U.S. 248, 254-255, 81 L. Ed. 153, 57 S. Ct. 163 (1936)*.

II. Motion to Remand

A. Fraudulent Joinder

A defendant may remove a case with a non-diverse defendant on the basis of diversity jurisdiction and seek to persuade the district court that this defendant was fraudulently joined. *Zogbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991)* [*807] (citing *McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987))*. The Ninth Circuit has held, "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)*.

The defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. Instead, the defendant must demonstrate that there is no possibility that the plaintiff will be able to [**6] establish a cause of action in State court against the alleged sham defendant. *Dodson, 951 F.2d 40 at 42*. The defendant seeking removal is entitled to present facts showing that the joinder is fraudulent. *McCabe, 811 F.2d at 1339*. The district court, however, must resolve all disputed questions of fact in favor of the Plaintiff. *Dodson, 951 F.2d at 42*.

B. Analysis

Defendants assert that under California law, an insurance agent, acting within the scope of her agency for a disclosed insurance agency, is an improper defendant. The California Court of Appeal in *Lippert v. Bailey, 241 Cal. App. 2d 376, 382, 50 Cal. Rptr. 478 (1966)*, held that liability to the insured "for acts or contracts of an insurance agent within the scope of his agency, with a full disclosure of the principal, rests on the company." *See also, Kurtz, Richards, Wilson & Co., Inc. v. Insurance Communicators Marketing Corporation, 12 Cal. App. 4th 1249, 1257-58 (1993)* (in a negligence case, "where the agent contracts in the name of the insurer and does not exceed that authority, the insurer is liable, and not the agent").

In *Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 249 (E.D. Cal. 1992)*, [**7] the court found that the plaintiff, in his case against an insurance company, had fraudulently joined the insurance agent who sold him his policy. The plaintiff asserted causes of action against the insurance agent for negligently failing to obtain the increased coverage he requested and for negligently misrepresenting that his coverage would be increased. *Id. at 248*. Citing *Lippert*, the *Gasnik* court held that the plaintiff's failure to state a claim against the agent was obvious under settled California law: "it is settled law that an insurance agent acting within the course and

Page 3

5 F. Supp. 2d 804, *; 1998 U.S. Dist. LEXIS 13758, **

scope of his employment cannot be held liable for damages resulting from a negligent failure to insure."

Federal courts within this circuit have applied *Lippert* and *Gasnik* to find insurance agents to be improper defendants in cases in which the agent was sued for fraud and negligent misrepresentation. *See e.g., Duffy v. Allstate Ins. Co.,* 1997 U.S. Dist. LEXIS 18023 (C.D. Cal. 1997) (agent sued for negligent misrepresentation not proper defendant because he was acting within scope of agency); *Campbell v. Allstate Ins. Co.,* 1995 U.S. Dist. LEXIS 21849 (C.D. Cal. 1995) (dismissing [**8] claims including fraud and negligent misrepresentation because principal was disclosed and plaintiff alleged that agent was acting within scope of agency); *Griffin v. Allstate Ins. Co.,* 1995 U.S. Dist. LEXIS 11126 (C.D. Cal. 1995) (agent sued for bad faith and breach of fiduciary duty fraudulently joined because, under California law, company is liable to insured for acts of agent within scope of agency).

Mr. Good asserts that *Lippert* applies only to attempts to hold agents liable for breaches of contractual obligations. His authority for this proposition is Witkin's *Summary of California Law,* which discusses *Lippert* in a section entitled "Liability to Agent on Contracts." 2 Witkin, *Summary of California Law,* Agency § 145. Nothing in Witkin's *Summary,* however, or in *Lippert* itself, limits the rule in the case to contractual claims. Indeed, the agents in *Lippert* were not sued on the insurance contract. Instead, they were sued for a negligent failure to make the contract that the plaintiffs wished to make with the insurer. *See Lippert,* 241 Cal. App. 2d at 381. The courts in *Kurtz* and *Gasnik* indicated further that *Lippert* applied to cases [**9] based on an agent's negligence and negligent misrepresentations. *See Kurtz,* 12 Cal. App. 4th at 1257-58; *Gasnik,* 825 F. Supp. at 249. Furthermore, the court in *Campbell* applied *Lippert* to a fraud claim. *Campbell,* 1995 U.S. Dist. LEXIS 21849 at *1.

Mr. Good presents no California case, and the Court knows of none, holding that an insurance agent whose principal is disclosed can ever be held liable for acts committed within the scope of his or her agency. Mr. Good relies instead on cases outside of the insurance context, which hold that agents are liable for their own torts even when they are acting within the scope of their employment. *See Bayuk v. Edson,* 236 Cal. App. 2d 309, 319-320, 46 Cal. Rptr. 49 (1965) (architect's agent liable for own torts); *Stirnus v. Adams,* 50 Cal. App. 730, 195 P. 955 (1920) (vendor's agent liable for fraudulent misrepresentation); *Crawford v. Nastos,* 182 Cal. App. 2d 659, 665, 6 Cal. Rptr. 425 (1960) (real estate broker liable for own acts of fraud). These cases, however, do not refute the rule from *Lippert* and *Gasnik* that, in the insurance context, "liability to the insured for acts . . . of an insurance agent within [**10] the scope of his agency, with a full disclosure of the principal, rests on the [insurance] company." *Lippert,* 241 Cal. App. 2d at 382.

Mr. Good also cites three insurance cases. Two of these, however, involve insurance agents who are either the agents of the insured or dual agents, that is, those who act as agent for both the insured and the insurance company. In *Clement v. Smith,* 16 Cal. App. 4th 39, 42 (1993), the plaintiff sued the insurance agent and insurance company who were acting as his own agents. In *Kurtz, Richards,* 12 Cal. App. 4th at 1257-58, the defendant insurance agent was acting as an agent for both the plaintiff and the insurance company. Mr. Good's only insurance case that involved an insurance agent not acting as an agent for the plaintiff is *Saunders v. Cariss,* 224 Cal. App. 3d 905, 274 Cal. Rptr. 186 (1990). *Saunders,* however, did not discuss the issue of whether the insurance company was liable for the torts of the agent. *See* 224 Cal. App. 3d at 907-910.

Mr. Good asserts that the complaint contains allegations that, if proven, establish that Ms. Magid acted as a dual agent. The only such allegation he cites, however, states simply that Defendants [**11] had superior knowledge of their insurance products and led him to believe he was acting in his best interests. Complaint at P 17. Under California law, a "dual agent" theory requires that the insurance agent act on behalf of the insured in some way beyond his or her capacity as an agent for the insurer. An insurance agent cannot be a "dual agent" unless he or she is either an independent broker or has a long-term, special relationship with the insured. *Maloney v. Rhode Island Ins. Co.,* 115 Cal. App. 2d 238, 251 P.2d 1027 (1953). Nothing in the complaint indicates that Ms. Magid was an independent broker or that she had a long-term relationship with Mr. Good. Furthermore, Mr. Good alleges that "each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency." Complaint at P 6. The Court finds, therefore, that Mr. Good has presented no evidence or allegation indicating that Ms. Magid was acting as a dual agent.

In light of the absence of authority to the contrary, the Court finds that *Lippert* and *Gasnik* establish that there is no possibility that Mr. Good will be [**12] able to establish a cause of action against Ms. Magid. Mr. Good alleges that Ms. Magid was acting within the scope of her agency at all times relevant to the complaint. Complaint at P 5. Furthermore, Mr. Good does not contest that there was full disclosure of Prudential as the principal. Under *Lippert* and *Gasnik,* therefore, the Court finds that Ms. Magid was fraudulently joined as a Defendant. Accordingly, the Court finds further that the

Page 4

5 F. Supp. 2d 804, *; 1998 U.S. Dist. LEXIS 13758, **

removal was proper and denies Mr. Good's motion to remand.

C. Procedural Defects in Notice of Removal

Mr. Good asserts that Prudential's notice of removal was fatally defective because, although it alleged the citizenship of the parties at the time of the notice of removal, it failed to allege their citizenship at the time the complaint was filed. The Court finds this argument disingenuous. Mr. Good does not dispute that, at all times relevant to [*809] the complaint, he and Ms. Magid have been citizens of California and that Prudential has been a citizen of New Jersey.

Mr. Good asserts further that the notice of removal is defective because it lacks a section entitled "Intra-District Assignment," as required by Local Rule 3-5(b). By its terms, [**13] however, this rule applies only to "complaint[s]" and "petition[s]." A notice of removal is neither. Furthermore, Mr. Good does not allege that this case was assigned to the wrong division of the Northern District of California or that the failure to include this section prejudiced him in any way.

The Court finds, therefore, that neither of the alleged defects in the notice of removal requires the case to be remanded.

III. Motion to Stay

Cases pending in different districts involving common questions of fact may be transferred by the MDL Panel to another district for consolidated pretrial proceedings. *See* 28 U.S.C. § 1407(a). The purpose of such transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings. *See* Weigel, *The Judicial Panel on Multidistrict Litigation* 78 F.R.D. 575 (1978). Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case. *See e.g., American Seafood, Inc. v. Magnolia Processing, Inc.,* 1992 U.S. Dist. LEXIS 7374, 1992 WL 102762 (E.D.Pa. 1992); *Arthur-Magna, Inc. v. Del-Val Financial Corp.,* 1991 U.S. Dist. LEXIS 1431, 1991 WL 13725 (D.N.J. 1991).

The MDL Panel entered a conditional transfer order [**14] regarding this case on March 26, 1998. It appears, therefore, that a stay pending a final decision by the MDL Panel would likely be brief. Furthermore, such a stay would further the aim of judicial efficiency.

Mr. Good asserts that he will be prejudiced if a stay is issued. His main argument, however, is that a stay is improper when a motion to remand is pending before the transferor court. This argument, however, is moot because, as indicated above, the Court denies his motion to remand. Mr. Good's only other argument against a stay is that a transfer to New Jersey may take months rather than weeks and that the delay would prejudice him. Mr. Good does not, however, present any evidence that a transfer to New Jersey will take months, especially now that a conditional order of transfer has been entered. He also fails to indicate why the delay would prejudice him.

The Court finds that a stay pending the MDL Panel's final decision is proper.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Docket No. 18) is denied. Because the Court finds that this case was properly removed, the Court also denies Plaintiff's request for attorneys' fees incurred as a result of removal. [**15] Defendants' motion to stay (Docket No. 6) is granted. The case is hereby stayed pending a decision by the MDL Panel whether to transfer this case. The case management conference, currently scheduled for July 17, 1998, is vacated.

Dated: APR 16 1998

CLAUDIA WILKEN

United States District Judge

Case 2:12-cv-00117   Document 21-5   Filed 02/18/13   Page 4 of 5 PageID #: 173

100KAS

********** Print Completed **********

Time of Request: Monday, February 18, 2013  12:37:33 EST

Print Number:    1826:395101427
Number of Lines: 218
Number of Pages:

Send To:  Barrass, Michele
          BAKER DONELSON BEARMAN CALDWELL &
          COMMERCE CENTER, SUITE 1000
          211 COMMERCE ST