

# IN RE MERIDIA PRODUCTS LIABILITY LITIGATION

## DOCKET NO. 1481

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### 217 F. Supp. 2d 1377; 2002 U.S. Dist. LEXIS 15305

### August 13, 2002, Filed

**SUBSEQUENT HISTORY:** Related proceeding at *In re Meridia Prods. Liab. Litig.*, 2004 U.S. Dist. LEXIS 14298 (N.D. Ohio, July 7, 2004)

**DISPOSITION:** [**1] Action transferred to the Northern District of Ohio.

**JUDGES:** BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL.

[*] Judges Sear and Selya took no part in the decision of this matter.

**OPINION BY:** WM. TERRELL HODGES

**OPINION**

[*1377] ***TRANSFER ORDER***

This litigation presently consists of two actions: one action each in the Northern District of Illinois and the District of New Jersey.[1] Before the Panel is a motion, [*1378] pursuant to *28 U.S.C. § 1407*, by the Illinois plaintiff to centralize actions in this litigation in the Northern District of Illinois or the District of New Jersey for coordinated or consolidated pretrial proceedings. All responding parties agree that centralization is appropriate. Responding defendants[2] support centralization in the Northern District of Illinois. Although responding plaintiffs in the actions now before the Panel as well as in numerous potentially related actions initially suggested centralization in various federal districts, including the District of New Jersey, the Western District of Arkansas, the Eastern District [**2] of Kentucky, the Eastern District of Louisiana, the Middle District of Louisiana, the District of Nevada, the Northern District of Ohio, and the Eastern District of Pennsylvania, most plaintiffs' counsel appearing at the Panel's July hearing session stated that they now support centralization in the Eastern District of Kentucky.

[1] The Panel has been notified that 23 potentially related actions have been filed as follows: four actions in the Eastern District of Louisiana; three actions in the Northern District of Ohio, two actions each in the Middle District of Louisiana and the District of New Jersey; and one action each in the Middle District of Alabama, the Western District of Arkansas, the Southern District of California, the Northern District of Illinois, the Northern District of Indiana, the Eastern District of Kentucky, the Western District of Louisiana, the District of Minnesota, the District of Nebraska, the District of Nevada, the Eastern District of Pennsylvania, and the Western District of Wisconsin. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and *7.5, R.P.J.P.M.L.*, 199 F.R.D. 425, 435-36 (2001).

[**3]

[2] Abbott Laboratories, Knoll Pharmaceutical Company, SmithKline Beecham Corporation, and BASF Corporation.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under *Section 1407* in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because all actions focus on alleged side effects of Meridia, a widely-prescribed

Case 2:12-cv-00117   Document 21-6   Filed 02/18/13   Page 1 of 3 PageID #: 175

Page 2

217 F. Supp. 2d 1377, *; 2002 U.S. Dist. LEXIS 15305, **

weight loss drug, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them. Centralization under *Section 1407* is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this [**4] nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Northern District of Ohio before Judge James S. Gwin, we are assigning this litigation to a seasoned jurist in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to *28 U.S.C. § 1407*, the actions on the attached Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable James S. Gwin for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges

Chairman

ATTACHMENT

## SCHEDULE A

MDL-1481 -- In re Meridia Products Liability Litigation

Northern District of Illinois

*Holly Cardwell v. Abbott Laboratories, et al.*, C.A. No. 1:02-2183

District of New Jersey

*Carol Rothenberger v. Abbott Laboratories, et al.*, C.A. No. 2:02-1419

100KAS

********** Print Completed **********

Time of Request: Monday, February 18, 2013   12:40:23 EST

Print Number:    2827:395101942
Number of Lines: 83
Number of Pages:

Send To:  Barrass, Michele
          BAKER DONELSON BEARMAN CALDWELL &
          COMMERCE CENTER, SUITE 1000
          211 COMMERCE ST